**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4718**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DEVON GUNTER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-31)

Submitted:  November 28, 2005      Decided:  January 3, 2006

Before WILKINSON, LUTTIG, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antonio Devon Gunter pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (2000). The district court sentenced him to forty-six months in prison. Gunter's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion there were no meritorious issues for appeal, but questioning whether Gunter's sentence violated the Sixth Amendment because his sentence was enhanced based upon facts that were not charged in the indictment, admitted by Gunter, or proven beyond a reasonable doubt. This court provided an opportunity for the parties to submit supplemental briefing concerning the potential impact of United States v. Booker, 125 S. Ct. 738 (2005). Gunter's counsel filed a supplemental brief stating that the district court erred by applying the Federal Sentencing Guidelines as mandatory. Gunter has been informed of his right to file a pro se supplemental brief, but he has not filed one. We affirm Gunter's conviction and sentence.

This court has identified two types of Booker error: a violation of the Sixth Amendment, and a failure to treat the guidelines as advisory. United States v. Hughes, 401 F.3d 540, 552 (4th Cir. 2005). A Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. Booker, 125 S. Ct. at 756. Because Gunter did not raise a Sixth Amendment challenge or object to the mandatory application of the guidelines

- 2 -

in the district court, review is for plain error. <u>Hughes</u>, 401 F.3d at 547. To demonstrate plain error, an appellant must establish that an error occurred, that it was plain, and that it affected his substantial rights. <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993); <u>Hughes</u>, 401 F.3d at 547-48. If an appellant meets these requirements, the court's "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Hughes</u>, 401 F.3d at 555 (internal quotation marks and citations omitted).

Gunter argues that his sentence violates the Sixth Amendment because his offense level was increased four levels under <u>U.S. Sentencing Guidelines Manual</u> § 2K2.1(b)(5) (2003). To determine the guideline range free of enhancements, this court uses the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Assuming without deciding that Gunter did not admit the facts that gave rise to the § 2K2.1(b)(5) enhancement, if that four-level enhancement is eliminated, as well as the three-level acceptance of responsibility adjustment under USSG § 3E1.1(b), Gunter's guideline range (with offense level 20 and Criminal History Category II) would be thirty-seven to forty-six months. USSG Ch. 5, Pt. A (Sentencing Table). Gunter's sentence of forty-six months is

within this guideline range. Therefore, we find that no Sixth Amendment violation occurred. Evans, 416 F.3d at 300-01.

Gunter also argues that the court erred by applying the sentencing guidelines as mandatory. While the mandatory application of the guidelines constitutes plain error, United States v. White, 405 F.3d 208, 216-17 (4th Cir.), cert. denied, ___ U.S. ___, 2005 WL 3027841 (Nov. 14, 2005), a defendant who seeks resentencing on this ground must show actual prejudice, i.e., a "nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" Id. at 223 (quoting Williams v. United States, 503 U.S. 193, 203 (1992)). Gunter failed to provide a nonspeculative basis for suggesting that the court would have sentenced him differently had the guidelines been considered advisory instead of mandatory. We therefore find that the error did not affect Gunter's substantial rights. White, 405 F.3d at 225; see also United States v. Collins, 412 F.3d 515, 524-25 (4th Cir. 2005) (finding that defendant failed to demonstrate prejudice from being sentenced under the mandatory sentencing guidelines). Accordingly, Gunter is not entitled to resentencing on this basis.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gunter's conviction and sentence. Counsel's motion to withdraw is denied. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the

- 4 -

client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>